IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PHILLIP JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-299 |
| | § | |
| FRANKIE REESCANO, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

While he was incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice ("TDCJ"), former state inmate Phillip Jackson (TDCJ #01189921) filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Jackson, who proceeds *pro se* and *in forma pauperis*, alleges that two prison officials violated his rights under the Equal Protection and Due Process clauses of the Fourteenth Amendment when they confiscated his wedding ring and refused to release it to his wife. One defendant has filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 16). Jackson has responded (Dkt. 22). Having considered Jackson's factual allegations and the applicable law, the Court will dismiss Jackson's claims as time-barred.

I. **BACKGROUND**

According to his complaint, Jackson's wedding ring was confiscated at the Stringfellow Unit on December 13, 2013 as non-dangerous contraband under Texas

Department of Criminal Justice Administrative Directive 3.72 (Dkt. 1 at p. 8). At the time the ring was confiscated, Jackson requested that the ring be released to his wife, who was scheduled to visit the following weekend (Dkt. 1 at p. 7). One of the defendants, Assistant Warden Kenneth Jolley, told Jackson that he would give the ring to the other defendant, Warden Frankie Reescano, who was scheduled to work that weekend (Dkt. 1 at p. 7). Another correctional officer who was present at the confiscation then "gave [Jackson] disposition of confiscated offender property papers to allow [Jackson's] wife to pick up [the] ring" (Dkt. 1 at p. 7).

However, when Jackson's wife came to visit the following weekend, Reescano refused to give her the ring (Dkt. 1 at p. 7). Jackson unsuccessfully sought relief through the TDCJ grievance process, filing a Step One grievance on December 18, 2013 and a Step Two grievance on March 3, 2014 (Dkt. 1-1 at pp. 2, 4). The Step Two grievance was resolved on April 2, 2014 (Dkt. 1-1 at p. 2). Grievance investigation documents attached to Jackson's complaint indicate that Jackson was accused of violating prison rules by having his wife bring him the wedding ring without Jackson's having first secured the proper ownership and possession paperwork (Dkt. 1-1 at pp. 5–6, 8). The grievance investigation documents go on to state that the confiscation "was handled according to policy. The ring was introduced illegally and is contraband and therefore will not be returned" (Dkt. 1-1 at p. 8).

Jackson filed a small claims action against these defendants in Brazoria County justice-of-the-peace court on August 26, 2014 (Dkt. 1-1 at p. 47). The action was

dismissed on June 16, 2016 because the defendants were held to be immune from suit under the Texas Tort Claims Act (Dkt. 1-1 at p. 48). Jackson then filed this lawsuit on October 3, 2016 (Dkt. 1 at p. 5). He alleges that Jolley and Reescano violated his rights under the Equal Protection and Due Process clauses of the Fourteenth Amendment when they confiscated his wedding ring and refused to release it to his wife (Dkt. 1 at p. 8).

Jolley has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) in which he asserts a limitations defense, invokes qualified immunity, and argues that Jackson's claims are barred by the *Parratt/Hudson* doctrine[1] (Dkt. 16). In his response, Jackson argues that the *Parratt/Hudson* doctrine does not apply because his "wedding ring was confiscated under the authority of a prison rule directive" and was not a "random, unauthorized act by the defendants" (Dkt. 22 at p. 5). Jackson further argues that the statute of limitations does not bar his suit because his exhaustion of administrative remedies and pursuit of relief in the state courts tolled limitations (Dkt. 22 at p. 2). Alternatively, Jackson argues that there *is* no applicable statute of limitations because he seeks injunctive relief (Dkt. 22 at p. 3).

## II. THE PLRA AND THE STATUTE OF LIMITATIONS DEFENSE

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which

---

[1] Reescano no longer works for TDCJ, and the Texas Attorney General, who represents Jolley, has not secured authority to represent Reescano.

relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party, like Jackson, proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c). Moreover, Jolley has filed a Rule 12(b)(6) motion asserting a time bar. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). A time bar can also be a basis for dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B). *Gonzales v. Wyatt*, 157 F.3d 1016, 1019–20 (5th Cir. 1998).

Jackson proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. THIS COMPLAINT IS UNTIMELY.

Jackson's claims are time-barred.

#### a. The applicable statute of limitations

The statute of limitations for a suit brought under 42 U.S.C. § 1983 is determined by the general statute of limitations governing personal injury actions in the forum state. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims. TEX. CIV. PRAC. & REM. CODE § 16.003(a).

#### b. The timeline

Jolley confiscated Jackson's wedding ring on December 13, 2013 (Dkt. 1-1 at p. 3). Reescano refused to give the ring to Jackson's wife on the following day, December

14, 2013 (Dkt. 1-1 at p. 3). Jackson finished exhausting his administrative remedies on April 2, 2014 (Dkt. 1-1 at p. 2). Jackson filed a lawsuit in Texas state court on August 26, 2014; and that lawsuit was dismissed on June 16, 2016 (Dkt. 1-1 at pp. 47, 48). Jackson filed this lawsuit on October 3, 2016 (Dkt. 1 at p. 5). Jackson concedes that he filed this lawsuit more than two years after the confiscation of his ring.

### c. *Jackson's state-court lawsuit did not toll limitations.*

Jackson first argues that his exhaustion of administrative remedies through the two-step TDCJ grievance process and his pursuit of relief in the Texas state courts tolled limitations. As to the exhaustion of administrative remedies, he is correct—limitations on a Section 1983 lawsuit is indeed tolled while the prisoner files the required grievances. *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001). However, Jackson is incorrect when he insists that his state-court lawsuit tolled limitations.

As previously noted, the statute of limitations for a suit brought under 42 U.S.C. § 1983 is determined by the general statute of limitations governing personal injury actions in the forum state. Federal courts in Texas also apply Texas's tolling provisions in Section 1983 actions. *Holmes v. Texas A&M University*, 145 F.3d 681, 684–85 (5th Cir. 1998); *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). And "Texas courts have held that as a general rule, where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Holmes*, 145 F.3d at 684 (quoting *Jackson*; quotation marks are omitted). But the Fifth

Circuit has emphasized that "Texas permits the tolling of a statute of limitations only where a plaintiffs' [sic] legal remedies are *precluded* by the pendency of other legal proceedings." *Id.* at 685 (emphasis added). The PLRA, for instance, bars prisoners from filing suit under Section 1983 before they have exhausted all available state administrative remedies, which explains why the prison grievance process tolls limitations for a Section 1983 action. *Wright*, 260 F.3d at 359; *Harris v. Hegmann*, 198 F.3d 153, 158–59 (5th Cir. 1999); *see also* 42 U.S.C. § 1997e(a). Conversely, a state-court lawsuit typically will *not* toll limitations for a Section 1983 action because there is no general requirement that a Section 1983 plaintiff seek relief in the state courts first. *See, e.g., Gant v. Garofano*, 119 Fed. App'x 602, 602–03 (5th Cir. 2004) (holding that the limitations period for a Section 1983 lawsuit was not tolled during the pendency of the plaintiff's state-court lawsuit because the state-court lawsuit "sought a remedy that [the plaintiff] need not have pursued"); *Miles v. Zeller*, No. 05-40972, 2006 WL 690880, at *1 (5th Cir. Mar. 20, 2006) (same); *Davenport v. Nethery*, 213 F.3d 637, 2000 WL 554446, at *1 (5th Cir. Apr. 12, 2000) (same); *see also Quinn v. Guerrero*, 863 F.3d 353, 362–63 (5th Cir. 2017) (same).

Jackson does not point to circumstances specific to his case that required him to file his state-court lawsuit. The only such circumstance that comes to mind is the possible applicability of the *Parratt/Hudson* doctrine. *See Parratt v. Taylor*, 451 U.S. 527, 541–44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Under the *Parratt/Hudson* doctrine, a deprivation of

7

property—whether negligent or intentional—by state officials that is random and unauthorized does not rise to the level of a procedural due process violation if state law provides an adequate post-deprivation remedy. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996). "The doctrine is meant to protect the state from liability for failing to provide pre-deprivation process in situations where it cannot anticipate the need for such process (when actions are random and unauthorized)." *Brooks*, 84 F.3d at 165 (hyphen added; parenthetical in original). The Fifth Circuit has further clarified that the doctrine applies when the state provides adequate post-deprivation remedies and: (1) the deprivation was unpredictable or unforeseeable; (2) pre-deprivation process would have been impossible or impotent to counter the state actors' particular conduct; and (3) the conduct was unauthorized in the sense that it was not within the officials' express or implied authority. *Caine v. Hardy*, 943 F.2d 1406, 1413 (5th Cir. 1991) (en banc). In Texas, the tort of conversion generally constitutes an adequate post-deprivation remedy. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). The burden is on the plaintiff to show that the State's post-deprivation remedy is not adequate. *Myers*, 97 F.3d at 94. One way in which the plaintiff can do this is to show that the state courts denied his claim for some reason other than lack of merit. *Thompson v. Steele*, 709 F.2d 381, 383 n. 3 (5th Cir. 1983).

If the *Parratt/Hudson* doctrine applies, then Jackson might have an argument that he was required to file his state-court lawsuit before filing this Section 1983 action. But Jackson vehemently contends in his response to Jolley's motion to dismiss that the

8

doctrine does *not* apply, and the Court agrees. First, the *Parratt/Hudson* doctrine only applies to procedural due process claims—*Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 289–91 (5th Cir. 2002)—and at least some of Jackson's claims arise under the Equal Protection Clause. As for the claims that arise under the Due Process Clause, Jackson argues that the *Parratt/Hudson* doctrine does not apply because his wedding ring was confiscated under the authority of TDCJ Administrative Directive 3.72 and not as the result of random, unauthorized acts by the defendants. Jackson is correct. *Allen v. Thomas*, 388 F.3d 147, 148–49 (5th Cir. 2004). Unfortunately, that means that his state-court lawsuit did not toll limitations because there was no need for him to pursue a lawsuit in the Texas state courts. In fact, nothing would have prevented him from pursuing his state and federal cases simultaneously, as the Fifth Circuit recently noted. *See Quinn*, 863 F.3d at 362–63 ("[E]ven while his state lawsuit was proceeding, Quinn could have asserted Section 1983 claims in a new suit. The statute of limitations thus continued to run in this case, expiring well before Quinn alleged a violation of federal law.").

### d. Jackson's citation to Holmberg does not make his lawsuit timely.

Jackson also argues that his lawsuit is timely because "[i]njunctive relief has no statute of limitations" (Dkt. 22 at p. 3). In support, Jackson cites *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946), in which the Supreme Court held that statutes of limitations do not apply in suits seeking solely equitable relief.

The Court disagrees with Jackson. The Fifth Circuit has extensively discussed the irrelevance of *Holmberg* to Section 1983 lawsuits in light of more recent Supreme Court opinions, particularly *Wilson v. Garcia*, 471 U.S. 261 (1985). *See Walker v. Epps*, 550 F.3d 407, 411–14 (5th Cir. 2008). In *Wilson*, the Supreme Court held that Section 1983 claims are best characterized as personal injury actions and, as such, should be subject to state statutes of limitations for general personal injury actions. *Wilson*, 471 U.S. at 279. In *Walker*, the Fifth Circuit emphasized that the Supreme Court "made no exception in *Wilson* for § 1983 actions that seek only equitable relief." *Walker*, 550 F.3d at 412. *Holmberg* does not make Jackson's complaint timely.

Although Jackson's proper invocation of the TDCJ grievance process tolled limitations, that tolling ended on April 2, 2014, which is still more than two years before Jackson filed this lawsuit. Jackson's state-court lawsuit did not toll limitations, and *Holmberg* does not apply. Jackson's complaint is time-barred, and the Court will dismiss it.

### IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Jackson's claims are **DISMISSED WITH PREJUDICE** as time-barred. The Court dismisses the claims against Jolley by way of **GRANTING** Jolley's motion to dismiss (Dkt. 16). The claims against Reescano are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous.

2. All other pending motions are **DENIED** as moot.

The Clerk of this Court shall send a copy of this Order to the parties.

SIGNED at Galveston, Texas, on October 24, 2017.

George C. Hanks
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE